```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
FELIX HERNANDEZ                :
                               :
          Plaintiff,           :
                               :
     v.                        :    CASE NO. 3:13-cv-20(RNC)
                               :
LEO ARNONE, ET AL.             :
                               :
          Defendants.          :
```

RULING AND ORDER

Plaintiff Felix Hernandez, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against current and former Department of Correction ("DOC") employees alleging violations of the First, Eighth and Fourteenth Amendments. Defendants have moved for summary judgment on all the claims. Plaintiff has not filed an opposition. For reasons set forth below, the motion is granted.

I.   Background

In April 2011, when the plaintiff was an inmate at Osborn Correctional Institution, he was monitored by the intelligence unit at Osborn for suspected drug activity. Officers in the unit intercepted a letter addressed to the plaintiff from his sister. The letter included glitter-covered drawings that could contain narcotics. The drawings tested positive for the presence of heroin and ecstacy. Id. ¶ 6. The K-9 unit was called and a drug-detecting dog alerted twice to the envelope containing the drawings.

Plaintiff was charged with conspiracy to convey contraband, a class A offense. At the disciplinary hearing, he voluntarily pleaded guilty. As a sanction, he was placed in segregation for thirty-seven days. He also received an increase in his classification level. Plaintiff then brought this suit alleging violations of his constitutional rights.

## II.  Discussion

Summary judgment may be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a plaintiff fails to oppose a properly supported motion for summary judgment, the facts set forth in the movant's Rule 56(a)(1) statement and supported by evidence are deemed admitted. See Loc. Civ. R. 56(a)(1). The motion may be granted if review of the record discloses that the movant is entitled to judgment as a matter of law.

### First Amendment Claims

Plaintiff asserts that his rights under the First Amendment were violated because correctional officers confiscated his legal mail. Confiscating an inmate's legal mail may support a

2

constitutional claim if it interferes with his right of access to court.  See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) ("In order to establish a violation of a right of access to courts, a plaintiff must first demonstrate that a defendant caused actual injury . . . i.e. took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim."); see also Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("[Plaintiff's] allegations of two instances of mail interference are insufficient to state a claim for denial of access to the courts because [plaintiff] has not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions.").  There is no evidence, direct or circumstantial, that the confiscation plaintiff alleges interfered with his access to court or caused any other cognizable injury.

 Plaintiff also asserts that correctional officers retaliated against him for filing this lawsuit.  Though his allegations are somewhat unclear, he seems to be alleging that during a search of his cell after he pleaded guilty to conspiring to convey contraband, officers confiscated some of his "legal work," including his original complaint in this case, failed to give him a receipt, and failed to return the documents for months despite his repeated requests that they be returned.  Plaintiff's claim

3

appears to be that the seizure and withholding of the documents was in retaliation for the filing of this lawsuit.

It is well-established that prison officials may not retaliate against inmates for exercising constitutional rights. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). To sustain a claim, a plaintiff must show that he engaged in protected speech or conduct, the defendant took adverse action against him, and there was a casual connection between the protected speech or conduct and the adverse action. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001). Prisoner claims of retaliation are examined "with skepticism and particular care" because of "both the near inevitability of decisions and actions by prison officials to which prisoners will take exception" and "the ease with which claims of retaliation may be fabricated." Colon, 58 F.3d at 872 (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). Accordingly, claims of this nature must be "'supported by specific and detailed factual allegations,'" and "not stated 'in wholly conclusory terms.'" Friedl v. City of N.Y., 210 F.3d 79, 86 (2d Cir. 2000) (quoting Flaherty, 713 F.2d at 13).

The temporal proximity between the filing of this suit and the subsequent search of plaintiff's cell could provide potential support for plaintiff's claim if the search would not have occurred in the ordinary course of maintaining security at the facility. See Esplnal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009)

4

("A plaintiff can establish a casual connection that suggests retaliation by showing that protected activity was close in time to the adverse action."); Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) abrogated on other grounds by Johnson v. Burge, 506 F. App'x 10 (2d Cir. 2012) (short time-frame between grievance and retaliatory action, along with inference of defendant's involvement, sufficient to support inference of retaliatory motive). However, there is no suggestion that the timing of the search was out of the ordinary for an inmate who had pleaded guilty to conveying contraband. Moreover, the only defendants who are mentioned in connection with this claim are Officer Conception and Director of Security Weir, neither of whom was named as a defendant in the original complaint. The amended complaint alleges that Conception knew the documents had been seized and eventually returned them, and that Weir had the documents for months and did not respond to numerous letters requesting their return. Amend. Compl. (ECF. No. 11) at 11. Accepted as true and liberally construed, these allegations are insufficient to support a reasonable finding that either of these defendants, neither of whom was named in the original complaint, retaliated against the plaintiff for filing that complaint.

Eighth Amendment Claims

Plaintiff asserts that his Eighth Amendment rights were violated because he was placed in segregation for thirty-seven

days, placed on mail review and given an increase in his classification level.  Plaintiff's guilty plea to the charge of conspiracy to convey contraband, a class A offense, justified significant sanctions; the sanctions he received cannot be considered cruel or unusual.  See Torres v. Selsky, CIV.A.9:02CV0527(DNH), 2005 WL 948816, at *10 (N.D.N.Y. Apr. 25, 2005) (disciplinary sanction of 150 days not unconstitutional); Davidson v. Murray, 371 F. Supp. 2d 361, 376 (W.D.N.Y. 2005) (disciplinary sanctions of 30-days in keeplock confinement and loss of telephone privileges not unconstitutional).

Plaintiff also claims that he was denied medical care in segregation in violation of the Eighth Amendment.  Such a claim requires proof that the defendant was deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff states that the defendants "conjured" he was smuggling drugs, which caused nurses to be "fragile and scared, not wanting to prov[ide] medical care to the plaintiff when his sugar was high, [he] felt to[o] faint, and needed such emergency care, causing plaintiff to suffer by means of deliberate indifference."  Amend. Compl. (ECF. No. 11) at 13.  None of the nurses plaintiff refers to is named as a defendant and there is no specific allegation that any of the named defendants was personally involved in the nurses' alleged failure to provide needed care.

6

Fourteenth Amendment Claims

Plaintiff contends that his due process rights were violated because he received "an unfair, and unjust disciplinary trial," defendants "conjured" the charge against him, and his classification level was increased.  These allegations do not support a due process claim.

In <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), the Supreme Court established certain minimum requirements for procedural due process in an inmate's disciplinary hearing: "(1) that the inmate be given written notice of the charges against him no less than 24 hours in advance of the hearing; (2) that the factfinder at the hearing provide a written statement setting forth the evidence relied on and reasons for the disciplinary action; and (3) that the inmate be allowed to call witnesses and present documentary evidence in his defense, as long as doing so is not unduly hazardous to institutional safety or correctional goals." <u>Id.</u> at 564.

There is no evidence that any of the defendants failed to observe these requirements.  Plaintiff was given notice of the conspiracy charge, which was not "conjured" but based on evidence that the letter addressed to him was laced with narcotics.  Plaintiff was notified of the charge in writing with on May 18, 2011.  Defs.' Mot. Summary J. Ex. 1 (ECF. No. 36). The hearing was two days later.  Defs.' Rule 56(a)(1) Statement

7

(ECF. No. 36-2) ¶ 6; Defs.' Mot. Summary J. Ex. 1 (ECF. No. 36). There are no allegations that plaintiff was not allowed to call witnesses or present evidence. In fact, he entered a voluntary guilty plea after being advised that such a plea would bar an appeal. <u>Id.</u>  The increase in his classification level, a logical consequence of his class A offense, does not support a due process claim.

IV. <u>Conclusion</u>

Accordingly, the defendants' motion for summary judgment is granted. The Clerk may enter judgment accordingly and close the case.

So ordered this 31st day of March 2017.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge